UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL O'ROURKE, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:08CV780 CDP |
| ESURANCE INS. CO., et al., | ) ) ) |
|     Defendants. | ) |

# MEMORANDUM AND ORDER OF REMAND

This case was originally filed in the Circuit Court of the City of St. Louis. The case was removed to this Court by defendants based on diversity of citizenship under 28 U.S.C. § 1332. Plaintiff seeks to remand the case arguing that federal subject-matter jurisdiction is lacking because the amount in controversy is less than $75, 000 exclusive of interest and costs. I agree.

Plaintiff was involved in a car accident and alleges that claims have been asserted against him in amounts in excess of $100,000.[1] Plaintiff asserts that Esurance[2] issued a policy to him that provides coverage for this accident. Because the policy insured two vehicles, plaintiff claims that the limits of the insurance

---

[1] However, no underlying action has been filed against plaintiff.

[2] Plaintiff alleges that a separate insurance policy issued by Geico also provides coverage for this claim in the amount of $25,000. It is undisputed that this policy does not exceed the jurisdictional minimum and cannot therefore establish federal jurisdiction.

policy should be stacked to provide coverage in the amount of either $50,000 or $100,000.  Paragraph seven of the state-court petition states as follows:

> Defendant Esurance Insurance Company asserts that though the limits of the policy are $50,000, and Plaintiff asserts there is at least $50,000 coverage for each of the cars on the policy, Esurance Insurance company has refused coverage in excess of $25,000.

Plaintiff seeks a declaration that Esurance's policy provides coverage in the amount of $50,000 and that the two policies "can be stacked to provide coverage in the amount of $100,000."

A defendant may remove an action from state court to federal district court if the action is within the district court's original jurisdiction, unless an act of Congress expressly provides otherwise. 28 U.S.C. § 1441(a).  Defendants, as the parties seeking removal and opposing remand, have the burden of establishing federal subject-matter jurisdiction.  In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).  All doubts about federal jurisdiction must be resolved in favor of remand.  Id.

For a federal court to have diversity jurisdiction, "the matter in controversy [must exceed] the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a).[3]  Ordinarily, the amount claimed by the plaintiff controls in

---

[3]The parties must also be citizens of different states, but in this case there is no dispute that this requirement has been met.

determining the existence of diversity jurisdiction.  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938).  In determining the amount in controversy in a declaratory judgment action, the court looks to the value of the object of the litigation.  Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977).  "In declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, 'the jurisdictional amount in controversy is measured by the value of the underlying claim - not the face amount of the policy.'"  Hartford Ins. Group v. Lou-Con, Inc., 293 F.3d 908, 911 (5th Cir. 2002) (quoting Wright & Miller, Federal Practice and Procedure § 3710 (3d ed. 1998)); Rasmussen v. State Farm Mut. Auto. Ins. Co., 410 F.3d 1029, 1031 (8th Cir. 2005).

In this case, plaintiff alleges that the Esurance policy provides coverage in the amount of $100,000 but Esurance has refused coverage in excess of $25,000.  According to plaintiff's petition, then, the amount in controversy is $75,000.  Because the amount in controversy does not *exceed* $75,000, I lack subject-matter jurisdiction and must remand this action to state court.[4]

---

[4]While the costs of defense, attorney's fees, and statutory penalties may be considered as part of the amount in controversy in insurance coverage disputes, defendants have not raised this argument here, nor could they since no underlying action has been filed.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to file a sur-reply [#13] is granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for remand [#5] is granted, and this case is remanded to the Circuit Court of the City of St. Louis, Missouri pursuant to 28 U.S.C. § 1447(d).

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 26th day of June, 2008.